IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-75,829-01 and WR-75,829-02






STATE OF TEXAS EX REL. CRAIG WATKINS, Relator



v.



THE HONORABLE JOHN CREUZOT, Respondent









ON MOTION FOR LEAVE TO FILE PETITION FOR WRITS OF
PROHIBITION AND MANDAMUS FROM CAUSE NO. F81-01988-FK IN THE
CRIMINAL DISTRICT COURT NO. 4

DALLAS COUNTY




 Per Curiam. Meyers, J., would grant petition.


O R D E R



 We have before us a motion for leave to file a petition for writs of prohibition and
mandamus.

 The record shows that the real party in interest Jonathan Bruce Reed was charged by
indictment with the 1978 capital murder of Wanda Jean Wadle. The case was originally tried
in 1979, and Reed was convicted and sentenced to death. The trial court then granted Reed's
motion for new trial, and the case was re-tried in 1983 before a different judge. Reed was
again found guilty and sentenced to death. Reed appealed to this Court. This Court
remanded the case and ordered a retroactive Batson hearing. The case was ultimately
affirmed in March 1995, and the United States Supreme Court denied certiorari. Reed v.
State, No. AP-69,292 (Tex. Crim. App. Mar. 29, 1995)(not designated for publication), cert.
denied, 516 U.S. 1050 (1996). State habeas relief was later denied. Ex parte Reed, No. WR-38,174-01 (Tex. Crim. App. Sept. 16, 1998)(not designated for publication).

 In March 1999, Reed filed a petition for writ of habeas corpus in federal district court. 
The federal district court denied relief but granted a certificate of appealability on the Batson
issues raised. The Fifth Circuit ultimately vacated Reed's conviction and sentence after
determining that the State had violated Batson by improperly excluding black jurors. See
Reed v. Quarterman, 555 F.3d 364 (5th Cir. 2009).

 The State is now retrying the 33-year-old capital murder. According to the pleadings,
the parties have completed individual voir dire, and the State and defense are currently
preparing to exercise challenges and strikes to the pool of death-qualified venirepersons. 
Reed has filed several pretrial pleadings including motions to dismiss the prosecution or
preclude the death penalty asserting that the delay has rendered impossible his ability to
present a defense and conduct a constitutionally adequate sentencing investigation. The court
held several "evidentiary hearings" related to Reed's motions and, in a 52-page document
setting out its findings of fact and conclusions of law, it granted Reed's motion to preclude
the death penalty. 

 The State has now filed a motion for leave to file a petition for writs of mandamus and
prohibition. In its petition, the State seeks an order from this Court requiring the trial court
to vacate its ruling that precludes the State from seeking the death penalty and prohibiting
the trial court from preventing the State from proceeding with the prosecution of Reed's case
as a death penalty case. 

 Before deciding whether to grant relator leave to file its petition, we believe the
respondent, the Honorable John Creuzot, judge of Criminal District Court No. 4, and
Jonathan Bruce Reed, the real party in interest, should have the opportunity to respond. The
Court specifically seeks a response regarding the applicability of its recent decision in State
ex rel. Lykos v. Fine, S.W.3d , Nos. AP-76,470 and AP-76,471 (Tex. Crim. App. Jan.
12, 2011), to this case. Therefore, within 30 days of the date of this order, Judge Creuzot and
Mr. Reed, or his representative, shall file their respective responses in this Court. 
Proceedings in the trial court shall be stayed pending further order by this Court.

 IT IS SO ORDERED THIS THE 10th DAY OF MAY, 2011.


Do Not Publish